**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| MUHAMMAD CHOUDHARY,<br>7711 Inwood Avenue<br>Baltimore, MD 21228<br>    Baltimore City,<br><br>       Plaintiff,<br><br>   v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br>7831 Glenroy Road, Suite 250<br>Edina, MN 55439<br><br>     Defendant. | **Civil Action No. _____**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

MUHAMMAD CHOUDHARY ("Plaintiff"), by and through his attorneys, alleges the following against RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"):

1.      Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.      The TCPA was legislated to prevent companies like RADIUS GLOBAL SOLUTIONS, from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991).

1
2
3
Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

4
5
6
3.      Defendant conducts business in the state of Maryland, and therefore, personal jurisdiction is established.

7
8
9
4.      Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3). See, *Mims v, Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

10
11
12
13
5.      Jurisdiction also arises pursuant to 15 U.S.C. § 1692(k)(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

14
15
16
17
6.      Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391 (b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

18
19
20
7.      Plaintiff is a natural person residing in the city of Baltimore, Maryland, and is *sui juris*.

21
22
23
8.      Defendant is a limited liability company organized under the laws of Minnesota, doing business in the state of Maryland, and has its principle place of business in Glenroy, Minnesota.

24
25
9.      Defendant is a debt collector as defined by 15 U.S.C.  1692(a)(6), and sought to

- 2 -

collect a consumer debt from Plaintiff.

10.     At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11.     Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts that arose from personal, family and household purposes, and which were incurred through purchases made on credit issued by Citibank, N.A.

12.     Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

13.     Defendant placed collection calls to Plaintiff's cellular telephone at phone number (301) XXX-8800.

14.     Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to, (866) 272-3027.

15.     Upon information and belief, based on the number, frequency and timing of the calls, Defendant's calls were placed with an automatic telephone dialing system.

16.     Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

17.     Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

18.     Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §

- 3 -

227(b)(1).

19.     Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

20.     On or about August 8, 2019, Plaintiff spoke with a representative of Defendant's company at phone number (866) 272-3027 and told Defendant to stop calling his cellular telephone.

21.     During the conversation on August 8, 2019, Plaintiff gave Defendant his name, phone number, and social security number in order to assist Defendant in accessing his account before asking Defendant to stop calling his cellular telephone.

22.     Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on August 8, 2019.

23.     Despite Plaintiff's request to cease, Defendant continued to place telephone calls to Plaintiff's cellular telephone after August 8, 2019.

24.     Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least ninety-two (92) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone.

25.     Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT 47 U.S.C. § 227**

26.     Plaintiff repeats and incorporates by reference in this cause of action the allegations set forth above at Paragraphs 1-25.

27.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

29.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, MUHAMMAD CHOUDHARY, respectfully requests judgment be entered against Defendant RADIUS GLOBAL SOLUTIONS, LLC, as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: ninety-two (92) for a total of forty-six thousand dollars ($46,000.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

30.     Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-25.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

32.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

33.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, MUHAMMAD CHOUDHARY, respectfully requests judgment be entered against Defendant RADIUS GLOBAL SOLUTIONS, LLC, as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of willful and/or knowing violations of the TCPA alleged herein, to wit: ninety-two (92) for a total of one hundred and thirty-eight thousand dollars ($138,000.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FDCPA *15 U.S.C. § 1692 et seq.*

34.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

35.     Defendant's violations of the FDCPA include, but are not limited to, the following:

a. Defendant violated §1692(d) of the FDCPA by engaging in conduct of which the natural

result is the abuse and harassment of Plaintiff;

b. Defendant violated §1692(d)(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff, MUHAMMAD CHOUDHARY, respectfully requests judgment be entered against Defendant, RADIUS GLOBAL SOLUTIONS, LLC, as follows:

36.   Actual damages according to proof at time of trial;

37.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

38.   Reasonable attorneys' fees and costs pursuant to 15 U.S.C § 1692k; and

39.   Awarding other such further relief as may be just, proper, and equitable.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

Dated: April 21, 2020

RESPECTUFLLY SUBMITTED,

/s/ Anitra Ash-Shakoor
Anitra Ash-Shakoor
(Fed. Bar No. 18701)
*Attorney for Plaintiff Muhammad Choudhary*
CAPITAL JUSTICE ATTORNEYS, LLP
1325 G Street NW, Suite 500
Washington, DC 20005
Phone: (202) 465-0888
Fax: (202) 827-0089
Email: a.ashshakoor@capitaljustice.com

James A. Sellers, II
(Pro hac vice application to follow)
*Attorney for Plaintiff Muhammad Choudhary*
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92590
Tel: (657) 363-4699
Fax: (657) 363-6611
Email: jamess@jlohman.com

PLAINTIFF'S COMPLAINT